

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

BRENDA J. JONES,

                      Plaintiff,

v.

TARGET STORE INC.,

                      Defendant.

Action No. 3:09–CV–81

## MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiff's Motions for Leave to Amend Complaint (Docket Nos. 9 & 19). The Amended Complaint corrects factual errors and a misnomer, and sets forth only one cause of action contained within the original Complaint. Plaintiff also seeks to remove Susan Haynes and Ms. Smith, and add Gregory Anderson, the loss prevention employee of Target who investigated the matter which led to Jones' arrest on criminal charges. Defendant objects to the Motion with regard to the addition of Anderson, on the ground that Plaintiff is only adding Anderson to destroy diversity of citizenship jurisdiction.[1]

For the reasons stated below, the Motion will be GRANTED as to the correction of factual errors and counts, the misnomer, and the removal of Haynes and Smith as parties to the action. However, the Motion will be DENIED as to the addition of Gregory Anderson as a party.

---

[1] The other proposed amendments are not in dispute.

## I. BACKGROUND

### A. Factual History

In early 2005, Darryl Jones stole checks from Susan Haynes, and apparently his wife used those checks at the Target store on Forest Hill Avenue to make two separate purchases; one for $43.09 and the other for $119.26. On the same day, Plaintiff Brenda Jones (no relation) made a purchase of $43.09 at the same Target store. Plaintiff alleges that Gregory Anderson, the store's Senior Investigator in charge of asset protection, on behalf of Target, "erroneously and without probable cause" determined that Jones acted criminally by forging a check and initiated criminal prosecution against her. (Am. Compl. ¶ 12-15.) To the contrary, Defendant asserts that in March or April 2005, the Target store was contacted by the police regarding the two fraudulent transactions and that Anderson searched the store's system for the two transactions matching the amounts provided by the police. (Def.'s Mem. Opp'n Pl.'s Mot. Am. Compl. 3; Anderson Decl. ¶ 7.) According to Defendant, Anderson obtained the transaction history and still photos of the individuals who negotiated checks for $43.09 on the day of the incident, and then provided this information to the police. (Anderson Decl. ¶ 7-12.) By either account, using the information provided by Anderson, the police believed that Brenda Jones had stolen and forged the checks and obtained an arrest warrant for Plaintiff.

On March 12, 2007, Plaintiff was arrested and charged with two felonies and two misdemeanors. After she was arrested, it was determined that her purchase of

$43.09 was valid and drawn on her own bank account. The charges were then *nol prossed*.

B. Procedural History

On March 11, 2008, Plaintiff filed this action in the Circuit Court for the City of Richmond against Target Store, Inc., a Minnesota corporation, Susan Haynes, and Ms. Smith, a purported employee of the store. The matter was removed to this Court by Defendant on the basis of diversity of citizenship. Now, Plaintiff seeks to remove Haynes and Smith, and add Anderson as a defendant. Anderson is a resident of Virginia.

## II. DISCUSSION

A motion to add parties after removing a case to federal court on the basis of diversity jurisdiction is governed by 28 U.S.C. § 1447(e). Section 1447 provides the courts with two options when the addition of a non-diverse party is at issue: (1) deny joinder or (2) permit joinder and remand the action to state court. 28 U.S.C. § 1447(e); Mayes v. Rapoport, 198 F.3d 457, 462 (4th Cir. 1999). These are the only two choices because once a non-diverse party is added, the district court is divested of jurisdiction. Id. The decision to add a party is "committed to the sound discretion of the district court." Id. The factors which the Court may consider include: "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on

the equities." Id. (citing Gum v. Gen. Elec. Co., 5 F. Supp. 2d 412, 415 n.8 (S.D.W. Va. 1998) (quoting Coley v. Dragon Ltd., 138 F.R.D. 460, 465 (E.D. Va. 1990))). Another factor for the Court's consideration is the "danger of parallel lawsuits in federal and state court" which may result in inconsistent verdicts and a waste of judicial resources. Id. at 463 (citing Coley, 138 F.R.D. at 465). Furthermore, when a plaintiff attempts to add a non-diverse defendant "immediately after removal but before any additional discovery has taken place, district courts should be wary that the amendment sought is for the specific purpose of avoiding federal jurisdiction." Mayes, 198 F.3d at 463; see AIDS Counseling & Testing Ctrs., 903 F.2d at 1003. Lastly, a defendant's right to remove to federal court has been held to be just as important as the plaintiff's choice in forum when filing the original complaint. Linnin, 372 F. Supp. 2d at 816–17.[2]

Taking each of the facts separately, it appears the purpose behind adding Anderson was only done to defeat diversity. First, originally Plaintiff's Complaint contained a party named Ms. Smith, which was essentially a John Doe Virginia resident who destroyed diversity of citizenship. Plaintiff now admits that Ms. Smith was not a proper party to this case and she would now like to replace her with a real party in interest who still has the power to defeat subject matter jurisdiction. This causes some speculation that the only reason Smith was added as a party in the first place was to defeat diversity in the original Complaint. Further, Plaintiff is adding

---

[2] The Fourth Circuit also analyzes fraudulent joinder when considering whether to join a party. Mayes, 198 F.3d at 46. However, Defendant's arguments are not aimed at proving fraudulent joinder, therefore that analysis will be omitted.

Anderson "immediately after removal" and before any party has begun discovery, which suggests that his joinder is being done only to defeat diversity.

Second, Jones was arrested in March 2007, she filed this case in March 2008, and only until recently has Plaintiff attempted to add Anderson as a party. Jones may assert that she was unable to determine the identity of Anderson until recently, however, the facts suggest that Anderson's identity was known to the police officers who arrested Jones and a simple phone call would have uncovered his identity. These facts suggest that Jones was dilatory in her attempt to add Anderson.

Third, there will be no significant injury to Plaintiff if Anderson is not added as a party. If Anderson is joined as a party, and found liable for malicious prosecution, "it will be [Target], the deep-pocket employer who will ultimately be responsible for any damages under the doctrine of respondeat superior." Linnin, 372 F. Supp. 2d at 823. Employers are liable for the tortious acts of employees if the employee "was performing the employer's business and acting within the scope of the employment when the tortious acts were committed." Giant of Maryland, Inc. v. Enger, 515 S.E.2d 111, 112 (Va. 1999). Juries do not normally "saddle a lowly employee with a joint and several judgment" and for this reason, employees are not usually held liable jointly and severally because of their sympathetic nature. Linnin, 372 F. Supp. 2d at 824. Judge Doumar, in Linnin, made it a point to say, "[G]iven the relative financial positions of most companies versus their employees, the only time an employee is going to be sued is when it serves a tactical legal purpose, like defeating diversity." Id. (quoting Ayoub v. Baggett, 820 F. Supp. 298, 300 (S.D. Tex. 1993)). Adding

Anderson as a defendant, when it is uncontroverted that he is an employee of the Target store where the incident occurred, does nothing for Plaintiff but defeat diversity.

Fourth, the Court must also consider Defendant's interest in having this case heard by a federal court. Defendant enumerated several persuasive reasons at the hearing for why it prefers federal court. These included the use of depositions for summary judgment, speedy trial (currently set for September 2009), and a more favorable jury pool.

Lastly, the Court finds it unlikely that Jones will bring this claim against Anderson in state court, thereby diminishing the danger of parallel lawsuits. Even if Jones wishes to proceed against Anderson, the Court is not persuaded that this is enough to permit Plaintiff to add Anderson as a party, in light of the totality of the circumstances.

For all of these reasons, the Court finds Defendant's position persuasive, that Anderson is being added only to destroy diversity. Plaintiff will not be given leave to add Anderson as a party.

### III. CONCLUSION

For the above reasons, Plaintiff's Motion to Amend to add Gregory Anderson as a party will be DENIED. The additional amendments, however, will be permitted and Plaintiff's Motion to Amend will be GRANTED to make these changes. Plaintiff is directed to submit an Amended Complaint in accordance with this Order.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate Order shall issue.

>            /s/
> Ja~~~~ ~~~~~~~
> Chief United States District Judge

ENTERED this 30th day of April 2009